UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE NIEBLA,

    Plaintiff,

v.                                        Case No. 8:12-cv-1682-T-30EAJ

SGT. HAYNES,

    Defendant.
_____/

**O R D E R**

Plaintiff, an inmate proceeding *pro se*, initiated this action on July 27, 2012, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Sgt. Haynes appears to hate him and does not "recognize [him] as a human being." Plaintiff contends that, in his opinion, Sgt. Haynes hates him because Plaintiff is Cuban, has white skin, and is a prisoner.[1]

---

[1] Plaintiff appears to assert that Sgt. Haynes is subjecting him to "racial discrimination" because, in Plaintiff's opinion, she hates him because of his race. Plaintiff, however, fails to state an equal protection violation claim because he fails to allege that Sgt. Haynes discriminated against him on the basis of his race, and that any similarly situated person of another racial group was treated differently. *See Harrell v. Fla. Parole Comm'n*, 2012 U.S. App. LEXIS 12675, at *5 (11th Cir. June 21, 2012) ("A prisoner asserting an equal protection claim must demonstrate that '(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.'") (quoting *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001)).

Plaintiff's allegations fail to demonstrate a constitutional violation.  To prevail on a claim under § 1983, Plaintiff must demonstrate (1) that Sgt. Haynes deprived him of a right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law.  *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

Plaintiff's claims are conclusory, unsupported, and simply do not rise to the level of a constitutional violation.  *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("The Constitution does not protect against all intrusions on one's peace of mind."); *Gordon v. Benson*, 2012 U.S. Dist. LEXIS 89247, at *22 (W.D. Mich. June 28, 2012) ("The fact that Defendants treated Plaintiff poorly or unfairly is not, in itself, an equal-protection violation.").  Therefore, Plaintiff has failed to state a valid civil rights claim.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. The **Clerk** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*